## HOUSTON LOAN & INVESTMENT CO. v. NORWOOD et al.

### No. 9554.

Court of Civil Appeals of Texas. Galveston.
May 19, 1931.

Rehearing Denied June 18, 1931.

Jno. T. Garrison and Sam R. Fisher, both of Houston, for appellant.

W. M. Cleaves, of Houston, for appellee Port City Lumber Co.

Winfree & Weslow and F. F. Beadle, all of Houston, for appellee Eternit, Inc., and T. J. Invinson.

T. P. Buffington, of Anderson, for appellee Norwood.

LANE, J.

Prior to February 23, 1929, Hamman Norwood placed in the hands of one N. B. Judd $4,500, with the understanding that Judd was to loan the same to one Earl C. Doty and to take a lien on property in Broadmoor addition to the city of Houston, Tex. Judd negotiated a loan of said $4,500 to Doty. In his effort to prepare or to have prepared the papers evidencing such loan and fixing a lien on lot 35, block 2, of Broadmoor addition to secure payment of the loan, Doty gave Mrs. Warrendorff, his stenographer, a memorandum, telling her to prepare a note for the sum of $4,500 to be executed by Earl C. Doty to Hamman Norwood, wherein there was to be recited that: "This note is secured by deed of trust of even date herewith on the following described property, to-wit: Lot No. Thir-

ty-five (35) in Block No. Two (2) of Broadmoor, an addition to the City of Houston S. S. B. B. in Houston, Harris County, Texas, according to the plat of said subdivision which is recorded in Vol. 6, page 42, of the Map Records of Harris County, Texas, to which reference is here made." She was also directed to prepare a deed of trust upon the lot so described, which would secure payment of said note.

Mrs. Warrendorff prepared the note in manner and form as directed, but by mistake she prepared a deed of trust in which she described lot 4 in block 16 of the Broadmoor addition, instead of lot 35, block 2, as she was told to do.

Earl Doty signed such note and deed of trust and acknowledged the deed of trust on the 23d day of February, 1929, and delivered them to Judd. This deed of trust was filed for record March 8, 1929.

On the 28th day of January, about one month prior to the execution of the note and deed of trust above mentioned, for and in consideration of $5,450, to be paid to him by Sam Houston Mills, a part of which was then and there paid in cash and a part thereof being later evidenced by two promissory vendor's lien notes, one for $3,750 and the other for $850, executed and delivered to him by Mills, Doty agreed in writing to erect a dwelling house and garage on lot No. 4 in block 16, Broadmoor addition, and to deliver such premises to Sam Houston Mills, retaining, however, the vendor's lien to secure payment of the two notes. Mills' contract for the purchase of the property described was for the purpose and intent to make it his home, he being at the time the head of a family. In addition to the improvements placed on the lot by Doty, Mills had also made some improvements thereon and was engaged in making such improvements at and before the time Norwood got his deed of trust.

Judd, who negotiated the loan to Doty for Norwood, knew at the time the deed of trust was given by Doty to Norwood that Doty had contracted to sell lot 4, block 16, to Mills and wife. He testified in this suit as follows: "At the time I was making up this note and deed of trust for Mr. Norwood to give him a lien on lot 35 in block 2, I knew that Mr. Doty has sold or contracted to sell to Mr. Mills and wife lot 4 in Block 16."

Work in making the improvements mentioned by both Doty and Mills began in the early part of February, 1929, and before the 15th of said month.

On the 1st of April, 1929, Doty formally, by his warranty deed, conveyed to Mills said lot 4 in block 16, together with all improvements thereon, retaining in such deed the vendor's lien to secure payment of the two notes above mentioned. Such deed was filed for record on the 11th day of May, 1929.

On the 1st day of April, 1929, Doty, for a valuable consideration, transferred the $3,-750 note executed by Mills to Houston Loan & Investment Company.

It is conceded that prior to the time the deed of trust in which lot 4 in block 16 was described such lot had been conditionally sold to Mills and wife and that it was at such time their homestead, and the court so found in the trial of this case.

Some time after the deed of trust mentioned had been executed, delivered, and filed for record, Judd, who was charged by Norwood with the duty of making the loan to Doty and of preparing all necessary papers relative thereto, was informed by parties who furnished the material and labor to build a house on lot 35, block 2, that they had liens on such lot and improvements thereon; whereupon Judd, for the first time, discovered that lot 35, block 2, was not described in the deed of trust mentioned and that lot 4, block 16, had been by mistake described in such deed of trust. After such mistake had been discovered, Norwood, contending that notwithstanding such mistake he had an equitable lien on lot 4, block 16, by virtue of his deed of trust superior to rights of Houston Investment Company, the owner and holder of the vendor's lien note executed by Sam Houston Mills; that if he was not entitled to a foreclosure of his lien on the property as against Mills and wife, he was entitled to an equity in the note superior to the claim thereto of Houston Investment Company, brought this suit against Earl C. Doty to recover upon the $4,500 note executed by Doty to him, against Sam Houston Mills and wife, Genevieve Mills, who were asserting homestead rights in said lot 4, block 16, and against Houston Investment Company, to whom the $3,750 vendor's lien note executed by Mills had been transferred, to foreclose his asserted deed of trust lien on said lot 4, block 16. Several other parties were made parties defendant, but as they are not parties to this appeal no further notice or mention of them is necessary here.

Plaintiff alleged the execution and delivery of the $4,500 note and deed of trust above mentioned by Doty to him. He alleged that on the face of the note a lien is provided securing same on lot 35 in block 2, Broadmoor addition to the city of Houston. He prayed for judgment upon his note against Doty, and for judgment decreeing the lien, right, title, and interest of plaintiff in lot 4, block 16, superior to that of each and all of the defendants; that he have judgment for a foreclosure of his lien on said lot 4, block 16; for an order of sale, etc.; for costs of suit; and for such other relief to which he may be entitled in law or equity.

Houston Loan & Investment Company answered by alleging that prior to the execution of the deed of trust held by the plaintiff in which lot 4 in block 16 is described, Doty, the then owner of said lot, entered into a contract with Sam Houston Mills and wife to build a house for them on such lot and to convey the house and lot to Mills and wife in consideration of $5,450; it alleged the execution of the $3,750 vendor's lien note by Mills, which had been transferred to it by Doty; it alleged the execution and delivery of a deed by Doty to Mills and wife, conveying to them said lot 4, in block 16; it alleged the loan made by the plaintiff to Doty on the 23d day of February, 1929, the execution of the $4,500 note by Doty to plaintiff, and the fact that in said note a lien was expressly given on lot 35, block 2, Broadmoor addition, to secure payment of the note; it alleged the mistake made in inserting a description of lot 4, block 16, in the deed of trust given by Doty to the plaintiff where the intention was to describe lot 35, block 2; it prayed for a cancellation of the deed of trust in which lot 4 in block 16 is described, and for such other and further relief to which it may be entitled in law or in equity.

Mills and wife answered by general denial, and specially alleged that, on the 28th day of January, 1929, they selected lot 4 in block 16, Broadmoor addition, upon which to build their homestead; that in pursuance of fixing and establishing said lot as their homestead they entered into a written contract with Doty by which Doty agreed to erect for them a house upon said lot; that Doty began the erection of such house on the lot on about the 1st day of February, 1929; that under terms of said contract they did on the date of its execution pay to Doty the sum of $500 of the purchase price of the premises, and obligated themselves to paint, paper, and canvass all of the improvements placed on said lot; that in pursuance of said contract, Doty did on the 1st day of April, 1929, convey said premises to them; and that they have at all times since said contract was entered into on January 28, 1929, claimed and asserted title to said lot and house thereon as their homestead. They denied that the plaintiff had a lien on their homestead by virtue of said deed of trust. They further alleged that the deed of trust, by virtue of which only plaintiff is asserting a lien upon their homestead, should be canceled as a cloud upon their title, in that said deed of trust was executed and placed of record wrongfully by plaintiff, he knowing at such time that it, by mutual mistake of the parties thereto, described lot 4 in block 16, instead of lot 35 in block 2, in Broadmoor addition, which they intended to have described in the deed of trust. They prayed for the removal of the cloud cast upon their homestead by reason of said deed of trust.

By his first supplemental petition plaintiff denies generally the allegations of defendants' cross-action. He alleged that he had an

equity in the vendor's lien note executed by Mills to Doty, which Doty transferred to Houston Investment Company, superior to the rights of the investment company.

The investment company, pleading further by supplement, alleges as follows:

"That the contract entered into by and between Earl C. Doty and defendants Sam Houston Mills and wife, to sell Lot 4 in Block 16, Broadmoor Addition, and to erect a house thereon, was for the purpose of making it the homestead of the defendants Mills and wife; that in pursuance of said original contract of date January 28, 1929, Sam Houston Mills and wife paid to the defendant Earl C. Doty the sum of Five Hundred ($500.00) Dollars. That after said house was completed, and in pursuance and completion of the original contract, a deed was executed by Earl C. Doty to Sam Houston Mills and wife, retaining a vendor's lien upon said house and lot, in the sum of Thirty Seven Hundred Fifty ($3750.00) Dollars; that in order for the said Earl C. Doty to execute a deed to Mills and wife in pursuance with the original contract, the defendant Houston Loan & Investment Company advanced to Earl C. Doty for the defendant Mills and wife, the said sum of Thirty Seven Hundred Fifty ($3750.00) Dollars, which amount was used in liquidation and payment of all materialmen's liens created in the erection and building of said house and that the money advanced by the defendant Houston Loan & Investment Company was used in paying off all liens existing against the house and lot conveyed by Doty to Mills and wife, and that the defendant Houston Loan & Investment Company not only has a lien against the house and lot as evidenced by said vendor's lien but they are subrogated to the rights of the original lien holders who furnished labor and material in the construction and building of said house.

"That the Thirty Seven Hundred Fifty ($3750.00) Dollars advanced and paid to Earl C. Doty by said defendant, Houston Loan & Investment Company, was for the use and benefit of the defendant Mills and wife, and that said money was used by the defendant Earl C. Doty to pay off all labor and materialmen's liens created in the construction of said house. That the defendant Earl C. Doty, as original contractor, had a superior lien against said house and lot and the acceptance of the money by Doty from the defendant, Houston Loan & Investment Company, and the use by said Doty for liquidation and payment of any and all liens against the said house and lot, including his own, the defendant Houston Loan & Investment Company was subrogated to the lien of the original contractor, Earl C. Doty.

"Wherefore, defendant Houston Loan & Investment Company prays as in its first amended original petition."

Earl C. Doty made no answer nor appearance in the suit of Norwood.

The court found that the $4,500 note executed by Doty to plaintiff was secured by a lien executed by Doty on lot 35 in block 2, Broadmoor addition to the city of Houston; that said note and the deed of trust Doty gave to the plaintiffs were intended to create a lien on one lot only, that is, on said lot 35, block 2, and not on lot 4, block 16, described in such deed of trust; that the deed of trust describing lot 4 in block 16 does not create a lien on said lot and the same should be cancelled, but that the plaintiff by reason of such deed of trust had an equitable lien on the vendor's lien notes executed by Mills and wife to Doty, one of which had been for a valuable consideration transferred to the investment company; that plaintiff should be required to make such part of his debt as he can out of a sale of lot 35, block 2, before resorting to the said vendor's lien notes.

The case being tried before the court without a jury, judgment was rendered upon the facts found by the court that the plaintiff recover from Earl C. Doty the sum due upon said $4,500 note, including principal, interest, and attorney's fees; that the deed of trust in which lot 4 in block 16 is described be canceled and that the cloud resting upon the title of Mills and wife to lot 4 in block 16 by reason thereof be removed; that the plaintiff has an equitable lien on the $3,750 and $850 vendor's lien notes held by the investment company and one Wright, respectively, which lien is "*decreed in lieu of the purported contract lien on said lot 4 in block 16*" (italics ours); that such lien be foreclosed and the notes seized and sold; and that out of the proceeds of such sale any balance of the decree in favor of the plaintiff remaining unpaid after first exhausting his lien on lot 35, block 2, shall be paid, and then out of any balance of the proceeds of the sale of the $3,750 note shall be paid to the investment company.

From so much of the judgment as decreed an equitable lien in favor of plaintiff on the $3,750 note held by the Houston Investment Company and foreclosure and sale thereunder, such company has appealed.

The effect of the sixteen assignments filed by appellant when reduced to their ultimate is to assert that the court erred in finding and adjudging that the plaintiff Norwood had an equitable lien on the vendor's lien note owned and held by it, and in foreclosing such asserted lien.

It is true that appellant contends by his assignments that the court erred in refusing to set aside and cancel the deed of trust in which lot 4 in block 16 is described. The court made no such refusal, but to the contrary, in paragraph 10 of the judgment rendered, we find the following: "That the deed

of trust dated February 23, 1929, * * * as a lien on said lot 4 in block 16 and improvements thereon, is cancelled."

 We sustain appellant's contention that the court erred in finding and adjudging that the plaintiff Norwood had an equitable lien on the vendor's lien note held and owned by appellant and in decreeing a foreclosure of such asserted lien.

The undisputed evidence shows that N. B. Judd was intrusted by plaintiff Norwood with $4,500 with the understanding that he was to lend it to some one who would secure its repayment by giving a deed of trust upon property situated in Broadmoor addition to the city of Houston; that Judd, acting for Norwood, negotiated a loan of said money to Earl C. Doty with the understanding that Doty would secure payment thereof by a deed of trust on lot 35 in block 2 of said Broadmoor addition; that in pursuance of such understanding Doty executed and delivered to Judd, on the 23d day of February, 1929, his promissory note for the sum of $4,500 wherein it was recited that payment of such note was to be secured by a deed of trust on lot 35, block 2, of Broadmoor addition. On the same day, in undertaking to comply with the terms and conditions of said loan, Judd had a deed of trust prepared, intending that it should cover lot 35 in block 2, but by mutual mistake lot 4 in block 16 of said addition was described in the deed of trust instead of lot 35, block 2; at an prior to the 23d day of February, the day on which the deed of trust was executed, Sam Houston Mills and wife had entered into a written contract with Doty for the purchase of lot 4, block 16, at which time they paid $500 of the purchase money and agreed to make certain improvements on the lot, which agreement was being complied with at and before the aforesaid deed of trust was executed; in other words, it is shown, and the court so found, that at the time of the execution of the deed of trust lot 4 in block 16 with the improvements thereon was the homestead of Mills and wife, and that Norwood got no lien thereon by reason of such deed of trust.

It is apparent that Judd, who alone acted for Norwood in making the loan to Doty, at no time intended that the deed of trust should constitute a lien on lot 4 in block 16; that as a fact it did not constitute such lien. In other words, it conclusively appears that Norwood had no valid enforceable lien on lot 4, block 16, at any time. It is therefore inconceivable why he was entitled to an equitable lien on such lot.

It is not shown by any evidence that any part of the $4,500 loaned by Norwood was expended by Doty in constructing the improvements on lot 4 in block 16. However, if he had, such expenditures would not create a lien on the homestead of Mills and wife under the facts shown.

We hold that Norwood had no lien either equitable or legal on the $3,750 vendor's lien note held and owned by Houston Loan & Investment Company.

Having so held, so much of the judgment as awarded to Norwood an equitable lien on said $3,750 note owned by the investment company is reversed, and as to the same judgment is here rendered for the investment company. In all other respects the judgment is undisturbed and is affirmed.

Reversed and rendered in part; affirmed in part.